# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1918
_____

United States of America

*Plaintiff - Appellee*

v.

Michael R. Good

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: July 6, 2026
Filed: July 21, 2026
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Michael R. Good appeals after the district court[1] revoked his supervised release and sentenced him to 24 months in prison. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

On appeal, Good argues that the district court plainly erred because it never explicitly determined the grade of his most serious violation or calculated the applicable revocation Guidelines range. Upon careful review, this court finds no basis for reversal. *See United States v. Brown*, 992 F.3d 665, 672 (8th Cir. 2021) (standard of review for forfeited procedural error is plain error); *see also United States v. Shaw*, 104 F.4th 691, 693 (8th Cir. 2024) (failure to calculate Guidelines range is procedural error). The record shows that the district court found Good's violations were Grade C and applied the corresponding Guidelines range. Among other indicators at the revocation hearing, the court calculated the Guidelines ranges for each grade, and confirmed that Good was stipulating only to Grade C violations; and the government joined in Good's sentencing recommendation based on Grade C. The government presented no evidence or argument to suggest Good committed a Grade B violation, and in fact clarified that, if the gun Good was accused of brandishing was merely a toy—which it acknowledged was all that it could prove—then the related new-crime violation was likely a misdemeanor offense. The court stated it was proceeding on the presumption that the gun was a toy. *See* 18 U.S.C. § 3583(e)(3) (court must find, by a preponderance of the evidence, that defendant violated supervised-release condition); U.S.S.G. § 7B1.1 (offense punishable by term of imprisonment of one year or less is Grade C violation); *United States v. Krzyzaniak*, 702 F.3d 1082, 1085 (8th Cir. 2013) (considering sentencing record, taken as a whole, when reviewing whether district court procedurally erred).

Even assuming the failure to more clearly announce the Grade-C designation and corresponding Guidelines range was procedural error, however, this court concludes that Good has not demonstrated the error was clear or obvious. *See United States v. Winston*, 850 F.3d 377, 380 (8th Cir. 2017) (to demonstrate plain error, defendant must show, inter alia, error that is clear or obvious under current law); *see also United States v. De Aquino*, 142 F.4th 628, 633 (8th Cir. 2025) ("In order to warrant reversal on plain-error review, the legal error must be clear or obvious, rather than subject to reasonable dispute.") (cleaned up); *United States v. Elbert*, 20 F.4th 413, 415 (8th Cir. 2021); *United States v. Trung Dang*, 907 F.3d 561, 565 (8th Cir. 2018). In any event, the record suggests the court would have imposed the same

statutory maximum sentence regardless of the applicable Guidelines range. When it last ordered modifications to Good's conditions of supervised release in October 2024, it cautioned him that the modifications would be his "last chance," and if he drank alcohol again, he would receive a two-year prison sentence. At the April 2025 revocation hearing, Good stipulated to violating a condition prohibiting him from consuming alcohol. *See United States v. Hamilton*, 929 F.3d 943, 948 (8th Cir. 2019) (Guidelines error is harmless where district court indicates it would have alternatively imposed the same sentence without the error).

The judgment is affirmed.

_____